Our seventh case for this morning is Elijah Manuel v. City of Joliet, 1415-81. Mr. Eisenhammer. May it please the Court. This case presents the question of whether a plaintiff may maintain a federal malicious prosecution claim grounded in the Fourth Amendment when he is arrested without probable cause and two, he is detained once he becomes subject to the legal process due to the misconduct of the police. Here's my problem, I should say. Bottom line, you've asked us to reconsider Newsom, but didn't we reject precisely that argument just this past August in Lovett v. City of Chicago? Absolutely not. Not? Not. First, in Lovett, the courts addressing Newsom said that it has not reached the issue we're presenting in this case and two, the facts of Lovett are entirely different than the facts in this case. But I just have to take a little exception with your absolutely not. There is language in Lovett that says we've been asked to reconsider Newsom and we're not doing it. Now, you are suggesting that there are factual distinctions. It's okay with me for you to argue those, but we did say we weren't going to reconsider Newsom and we also endorsed the rationale that the Fourth Amendment gives way to the Due Process Clause after the formal arraignment. We've said one can always reconsider things, for all I know we're wrong, but we've said we don't recognize the kind of continuing seizure. But this isn't the continuing seizure, not the way the other circuits, the other eight circuits look at it. In all those cases, if you look at those cases, especially for example Pitt, the individual is arrested without probable cause and then is brought before a magistrate and because due to police misconduct, there is something wrong that they didn't have probable cause when they were subject to legal process. So those courts, whether you say it's a continuing seizure or not a continuing seizure, they find the seizure. That's a violation of the Fourth Amendment. Some people have found, some courts have found a Fourth Amendment interest in this seizure that exists after formal process has begun. We've had maybe a tidier look at it, but I thought in addition, I think it was Lovett, it was one of the cases I was looking at here, in which we also said there were arguments about falsified information, many of the points that you're making here. But there's a major distinction between Lovett and our case. In Lovett, there is no question that Lovett was arrested with probable cause and that he was arraigned or subject to legal process with probable cause. It's only later that the issue of another charge comes up. So these aren't the facts of our case. It's not the facts of the cases that the other eight circuits have ruled on. Our facts are that Mr. Manuel was arrested without probable cause and subject to legal process without probable cause. So it's different than Lovett. And the court didn't need to revisit Newsom because the facts were different. And we're not just relying on what the other eight circuit courts have done, we're really relying on the Fourth Amendment. That the Supreme Court has said that it's the Fourth Amendment that guarantees judicial determination of probable cause as a prerequisite to any extended restraint on liberty following an arrest. So it should follow that if there is police misconduct that makes a fair judicial determination impossible, then there is a violation of the Fourth Amendment, whether you call it a seizure or whatever you want to call it. Well, see, the whole question is, at the moment of that violation, when the false information is presented to the judicial officer, whether it's a state judge, a magistrate judge, what's the right way to understand the problem in the system? There certainly is a problem in the system if that happens. Is the right way to understand it a Fourth Amendment search and seizure concept, or is the right way to understand it a due process concept? Now certainly if we said, suppose we had a judge that was taking bribes, well that's a problem with the system too. But we understand that to be a due process problem. Part of due process entitles you to a fair and impartial and non-bribed judge. And so lies to the magistrate, how should one understand that problem? I think it can be, obviously, a procedural due process claim. And if it is, then you run, I mean, at least as you understood it, Perot against Taylor pops up. But it's also a Fourth Amendment problem. Because the Fourth Amendment has been used by the Supreme Court, by this court, to deal with requiring a judicial determination before anybody's held for a length of time. But here, wouldn't that claim even, you know, if premised on the Fourth Amendment, be outside the statute of limitations? I mean, wouldn't the limitations period for such a claim begin to run at the time of the misrepresentation? No. No? No, it runs, this court, this Seventh Circuit in Jubilee Deferred to Hannah made it clear that in malicious prosecution, the statute doesn't run until the criminal proceedings are ended. Favorably to the defendant. Yes, favorably. Yes, favorably. Small point, but favorably to the defendant. In Hannah, it was nine years and three months after that. Same thing here. The proceedings ended in May, May 4th or 5th. He brought, Mr. Emanuel brought his pro se complaint in April. So he made the two year period of time without question. Now, would you concede that the Illinois state law provides an adequate remedy for malicious prosecution claims? Yes, and that's why we're not here on a procedural due process claim. You would throw us out. As much as I'd like, and as much as I'd like to say, well, he missed the statute of limitations, so he doesn't have an adequate remedy, that doesn't work either. Does Illinois use the same two year statute for malicious prosecution that it does? Yes. Yes. So, and again, I think when you, again, the cases that have, the Seventh Circuit cases that have addressed this since Newsom has never needed, they have never needed to analyze these facts based on the Fourth Amendment. Hannah, there was, Indiana didn't have an adequate remedy, so they didn't reach that issue. And in Lovett, again, we say it's an entirely different case. He was arrested with probable cause, held with probable cause, then an intervening act happened, which is not our case. And again, Posner says we didn't, we didn't reach, you know, that Newsom didn't reach that, the issue we're presenting here. And I sort of agreed, it's not an outlier. If he's right, then Newsom is not an outlier to the other districts. And this Court needs to look at this precise question in light of Albright, who didn't reach this issue, the Supreme Court didn't reach this issue too, but hinted strongly that there was a Fourth Amendment right in this type of situation. So maybe the Supreme Court needs to up the number of cases from 75 to 76 and take a case like this one. Or they could do it within the 75s too. They could also do that. Well, I'm hoping, I'm hoping you, I guess this is, I'm hoping that you will rule, since I have one minute left, I'm hoping you'll rule in our favor so we don't have to go to the Supreme Court. All right, we will let you have your minute for rebuttal. Mr. Wise. Counsel, may it please the Court, John Wise for defendants. It seems as though the plaintiff has acknowledged you're basically throwing up a Hail Mary to get this Court to change its position regarding the Fourth Amendment and due process claims. But, of course, that's perfectly legitimate. You know, the only thing we don't like is when people come in and try to tell us to do something when we have square precedent against it without acknowledging that. But, you know, we have and bank capabilities. We have our Circuit Rule 40E. And I'll tell you what worries me about continuing to extend Newsom, if that's what this is about. Both the Supreme Court and this Court have said if you have a choice between two constitutional provisions, one of which is just sort of a giant vague thing like the due process clause and the other of which is more particular, whether it's the Fourth Amendment, whether it's the Eighth Amendment, whether it's something else, you should go with the one that's the closest match to the problem you have and then assess it that way. And so if you do that, then would that not lead you to the place that the other circuits have gone and say with lies that essentially mean that no valid process has happened, it's really actually still a Fourth Amendment problem? I don't believe so, Your Honor. When you look at the allegations in this case as well as with those other circuits, essentially what they're claiming is that their client's being deprived of liberty. He's been seized is what they're saying, which might be, see, you're using due process language. But what the other circuits are saying, think of Venn diagrams. You know, there's an overlap between saying somebody's been deprived of his liberty and saying somebody's been seized. The seized person has been deprived of his liberty undoubtedly. But if it's an arrest, you know, take an easy case, we don't jump right to the due process clause. We look at the Fourth Amendment. Correct. And I guess the reason I was making that reference is because in the brief as well as the other circuits, they've made the statement that one of the elements maybe, if there is going to be a malicious prosecution claim under the Fourth Amendment, one of the elements is that there's got to be a significant deprivation of liberty. So the person out on bond would fail because they don't have a significant enough deprivation of liberty. They've just had to put up a bond. But the person who sits there in jail has surely, you would agree, a deprivation of liberty. And I would also suggest that I'm taking the nodding of your head that, yes, the person in jail has been deprived of his liberty. Yes. Thank you. I would say they've both been deprived. There is case law that, you know, has held that somebody was out on bail, so they weren't deprived of significant liberty. However, I would disagree with that position because one person is able to make bail and another person is not able to make bail. That is what would be the determination or the determining factor about whether or not you'd have a Fourth Amendment malicious prosecution claim. Well, they do have different levels of deprivation of their liberty, surely. I understand the person on bond has an obligation to show up in court when he or she is supposed to do that. There would also be typically there's restrictions on travel. Right. All those sorts of things. Let's say that we would agree that ten other circuits actually, I think, have now recognized malicious prosecution claims under the Fourth Amendment. If we did recognize such a claim, at what point would you think the statute of limitations would begin to run, from the point of the misrepresentation or the point at which the underlying proceedings were terminated in favor of the individual? If you were to recognize a malicious prosecution claim under 1983 in Fourth Amendment, state law malicious prosecution, the accrual is the time at which the proceedings are terminated in favor of that individual. Okay. So in this case, it would be, I think the date would have been May 4th of 2011 when the matter was not only prosecuted. So you're assuming that the federal tort, in a sense, the constitutional tort would follow the same pattern the state law does and require the favorable termination. Because if there's no favorable termination, then for all the policy reasons the states have considered, there's, in a sense, no injury. That is correct. One other thing I would note is in reference to statute of limitations, a state law malicious prosecution claim as well as a state law false arrest claim, against a governmental employee, it's a one-year statute of limitation based on the Tort Immunity Act. However, in reference to 1983, when federal claims are brought against these actors, it's a two-year statute of limitations. That is why the state law malicious prosecution claim would not have been viable in this case. Sure. Absolutely. Okay. Thank you. All right. Thank you very much, Mr. Wise. You have a minute, Mr. Eisenhammer, if you would like to use it. Just a couple points. This isn't the Hail Mary. Using football terminology, we're urging you to adopt the West Coast offense that ten other circuits have adopted and wish the Bears would adapt. But it's a theory that's here and grounded in the Fourth Amendment, and I believe you're correct that when you're looking for, you know, you have a choice between relying on a specific amendment or on a general due process, whether it's substantive or procedural, you should rely on the more specific. And the Fourth Amendment has been recognized in these type of situations, even by the Supreme Court. We're not asking for a – this isn't a false imprisonment case, but the courts have recognized in a malicious prosecution, damages begin at the initial arrest and continue on until the person is freed. And that includes – and obviously the damages are different, but it does relate to time they're out on bond, awaiting a new trial, as the case was in Hanna. So we're there. And being arrested even for one day is a significant deprivation of liberty. I don't want to spend even one hour in jail. Thank you. All right, thank you. And do I recall, Mr. Eisenhammer, that you were recruited to participate in this case? Yes. So we thank you very much for your assistance to the court and your client. Thank you. And it was only through the district court we decided to take this on appeal. Well, but that's what got you in, so we thank you. And thanks as well to Mr. Wise. We'll take the case under advisement.